The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, AR 72811-1064
Dear Representative Lamoureux:
You have presented the following questions for my opinion:
 (1) If a municipal police department collects money on a traffic citation in advance of the designated court date and holds the money as bail on the traffic citation, would A.C.A. § 14-52-111 apply and the defendant have to pay the $20.00 fee?
 (2) Does A.C.A. § 14-52-111 apply to all traffic citations found in Title 27 of the Arkansas Code when the bail is collected in advance of the court date?
RESPONSE
Question 1 — If a municipal police department collects money on a trafficcitation in advance of the designated court date and holds the money asbail on the traffic citation, would A.C.A. § 14-52-111 apply and thedefendant have to pay the $20.00 fee?
It is unclear whether you are referring to collection of the actual fine for the traffic citation, or to the taking of bail. If you are referring to collection of the actual fine for the traffic citation, it is my opinion that A.C.A. § 14-52-111 would not apply and the defendant would not have to pay the $20.00 fee.
A.C.A. § 14-52-111 states:
 Every municipal police department in this state is authorized to charge and collect a twenty dollar ($20.00) fee for taking and entering every bail or delivery bond.
A.C.A. § 14-52-111.
The $20.00 fee that is authorized by A.C.A. § 14-52-111 is authorized only for "taking and entering every bail or delivery bond." Accordingly, in order to determine whether the fee is authorized in a given situation, it is necessary to determine whether the "taking of bail" has occurred. The phrase "taking of bail" is defined in A.C.A. § 16-84-101 as follows:
 (6)(A) "Taking of bail" or "take bail" means the acceptance by a person authorized to take bail of the undertaking of a sufficient surety for the appearance of the defendant according to the terms of the undertaking, or that the surety will pay to the court the sum specified.
A.C.A. § 16-84-101(6)(A).
One of my predecessors analyzed the above quoted definition in the context of a situation in which a sheriff was collecting payment of fine for traffic violations prior to the defendants' court dates. The question was whether the sheriff was entitled to a bond fee. The opinion stated:
 Under the terms of the above-quoted definition [i.e., the definition quoted above from A.C.A. § 16-84-101], the purpose of taking bail is to assure the appearance of the defendant, or to assure that the defendant will pay the specified fine. That is, bail is taken in situations where the defendant is released and does not pay. It is precisely because the defendant does not pay that security for payment is necessary. Such security is clearly unnecessary in a situation in which the defendant pays the fine in advance of the first court date. That payment is its own security in that the defendant forfeits the amount paid if he or she does not appear. Therefore the acceptance of early payment of the fine is not equivalent to the taking of bail.
Op. Att'y Gen. No. 97-362. The opinion concluded that the sheriff was not entitled to a bond fee in that situation.
I agree with my predecessor's analysis of this question. If a municipal police department collects the fine for a traffic citation in advance of the designated court date and holds the money as "bail," the department has not "taken bail" in the sense described in the definition of the phrase "taking of bail," quoted above from A.C.A. § 16-84-111. In that situation, a separate bail is not necessary to assure payment of the fine; the fine is its own security.
This view is supported by Arkansas Rule of Criminal Procedure 9.2(d). Rule 9.2 generally addresses matters related to the setting of money bail and the factors that should be considered prior to release of a defendant on bail. Section (d) of the rule states:
 (d) Nothing in this rule shall be construed to prohibit a judicial officer from permitting a defendant charged with an offense other than a felony from posting a specified sum of money which may be forfeited or applied to a fine and costs in lieu of any court appearance.
Arkansas Rules of Criminal Procedure, Rule 9.2(d).
This provision appears to differentiate between the taking of bail and situations in which a defendant posts a sum of money to be forfeited in lieu of appearance in court.
In situations in which a defendant chooses not to contest a citation, does not intend to appear in court, and pays a sum of money to be forfeited as the actual fine for the violation, bail has not been taken, in my opinion. Because, in such situations, the department has not "taken bail," it is not entitled to payment of the fee that is authorized in A.C.A. § 14-52-111.
However, if the money collected by the department is not the actual fine for the traffic citation, but is actual security to assure the appearance of the defendant or the payment of the fine, the department has "taken bail" in the sense of A.C.A. § 16-84-101. In that situation, the department would be entitled to the $20.00 fee that is authorized by A.C.A. § 14-52-111. It should be noted that the department cannot collect the fee until judgment has been entered. This office has consistently opined that fees cannot be charged until such time as the court has entered a judgment for costs. See, e.g., Ops. Att'y Gen. Nos. 2003-267; 2003-187; 2002-211; 2001-226; 2000-303; 97-362; 97-300, 89-241, 89-208. That conclusion is based upon the fact that A.C.A. § 16-90-113, which governs judgments, requires that judgments against defendants include the costs of the officers rendering the service for which the cost was incurred. Because these costs must be included in the entry of judgment, it is impermissible for such costs to be collected prior to judgment.
Question 2 — Does A.C.A. § 14-52-111 apply to all traffic citations foundin Title 27 of the Arkansas Code when the bail is collected in advance ofthe court date?
The conclusions stated in response to Question 1 above concerning the applicability of A.C.A. § 14-52-111 apply in any context involving any traffic citation.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General